## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 14-171** |
| **ERIC BROWN** | **SECTION: "G"** |

## ORDER AND REASONS

Before the Court is Defendant Eric Brown's ("Brown") motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] In the motion, Brown contends that his medical conditions—combined with the elevated risk of contracting COVID-19 while in custody—constitute sufficient grounds for a sentence reduction under Section 3582(c)(1)(A).[2] The government opposes the motion for compassionate release.[3] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court denies the motion.

## I. Background

On August 8, 2014, Brown was charged by an Indictment with possession with intent to distribute a quantity of methamphetamine ("Count One"); being a felon in possession of a firearm ("Count Two"); and possession of a firearm in furtherance of a drug trafficking crime ("Count

---

[1] Rec. Doc. 84.

[2] *Id*.

[3] Rec. Doc. 88.

1

Three").[4] On September 8, 2016, Brown pleaded guilty to Count One of the Indictment.[5] On March 23, 2017, this Court sentenced Brown to a term of time-served in prison and imposed a three-year term of supervised release.[6] Therefore, Brown's term of supervised release began on March 23, 2017.

On May 29, 2018, Brown was arrested by personnel of the Amite City Police Department and charged with aggravated battery, battery on a police officer, possession of firearm by convicted felon, and resisting arrest.[7] On November 26, 2018, Brown was again arrested by personnel of the Amite City Police Department and charged with domestic abuse battery by strangulation.[8] On October 2, 2019, Brown entered a plea of nolo contendere to battery on a police officer and domestic abuse battery charges in the 21st Judicial District Court for the Parish of Tangipahoa.[9] He was sentenced to a term of time served in prison.[10]

On December 3, 2018, this Court issued an arrest warrant for alleged violations of Brown's supervised release.[11] However, the record reflects that the warrant was not executed until November 7, 2019, when Brown was arrested by the United States Marshals Service.[12] On November 12, 2019, a detention hearing was held, and Brown was detained pending a revocation

---

[4] Rec. Doc. 1.

[5] Rec. Doc. 48.

[6] Rec. Doc. 66.

[7] Rec. Doc. 67.

[8] *Id*.

[9] Revocation Hearing Dispositional Report at p. 2.

[10] *Id*.

[11] Rec. Doc. 69.

[12] Rec. Doc. 73.

hearing.[13] A revocation hearing was held on January 9, 2020.[14] At that time, this Court found that Brown had violated the terms of his supervised release by committing another federal, state, or local crime.[15] Therefore, the Court revoked Brown's supervised release and sentenced Brown to a term of 24 months imprisonment in the custody of the United States Bureau of Prisons ("BOP"), with credit for time served.[16] Due to the onset of the COVID-19 pandemic in early March 2020, it appears Brown was never transferred to a BOP facility. Instead, Brown is currently being held at the Plaquemines Parish Detention Center.[17] His projected release date is June 16, 2021.[18]

On November 19, 2020, Brown filed the instant *pro se* motion for compassionate release pursuant to Section 3582(c)(1)(A).[19] On November 24, 2020, the Court appointed the Office of the Federal Public Defender for the Eastern District of Louisiana to represent Brown.[20] On December 1, 2020, the government filed an opposition to the motion for compassionate release.[21] On December 4, 2020, Brown, through counsel, filed a supplemental memorandum in further support of the motion for compassionate release.[22]

---

[13] Rec. Doc. 76.

[14] Rec. Doc. 82.

[15] *Id*.

[16] Rec. Doc. 83.

[17] *See* Rec. Doc. 84.

[18] https://www.bop.gov/inmateloc/.

[19] Rec. Doc. 84.

[20] Rec. Doc. 85.

[21] Rec. Doc. 88.

[22] Rec. Doc. 89.

## II. Parties' Arguments

### A.    Brown's Arguments in Support of the Motion

Brown filed a one-page motion arguing that his diabetes and hypertension—combined with the risks of contracting COVID-19 while incarcerated—constitute sufficient grounds for a sentence reduction.[23] Specifically, he contends that his circumstances suffice for compassionate release under Section 3582(c)(1)(A).[24] Brown asserts that he is currently incarcerated at the Plaquemines Parish Detention Center, where he asserts COVID-19 has infected many inmates.[25] Additionally, Brown states that he only has approximately seven months remaining on his sentence.[26]

### B.    The Government's Arguments in Opposition to the Motion

The government argues that the motion for compassionate release should be denied because Brown is not in BOP custody.[27] The government asserts that this Court does not have authority to order compassionate release from state custody.[28] For this reason, the government argues that this Court should deny Brown's motion.[29] Alternatively, the government requests an additional 45 days to obtain any relevant information required to properly address the merits of Brown's motion.[30]

---

[23] Rec. Doc. 84 at 1. The Court has liberally construed Defendant's pro se motion.

[24] *Id*.

[25] *Id*.

[26] *Id*.

[27] Rec. Doc. 88 at 2.

[28] *Id.*

[29] *Id.* at 3.

[30] *Id.*

**C.**      ***Brown's Arguments in Further Support of the Motion***

Brown makes four arguments in the supplemental brief filed through counsel: (1) this Court has authority to grant compassionate release; (2) incarceration at a local facility satisfies the exhaustion requirement; (3) his medical conditions and the fact that he has over-served his sentence constitute extraordinary and compelling reasons for a reduction; and (4) the requested reduction is consistent with the Section 3553(a) factors and Brown does not pose a danger to any person or society if released.[31]

First, Brown asserts that the government's jurisdictional argument is plainly incorrect.[32] Brown contends that this Court has sole authority over his federal sentence regardless of where he is physically serving his time.[33] According to Brown, the fact that he was never transferred to a BOP facility is irrelevant.[34] Brown argues that the "Prisoners in Custody Report"—last updated November 30, 2020—reflects that Brown is in the custody of the U.S. Marshals at the Plaquemines Parish Jail.[35] Therefore, Brown asserts that this Court has authority to grant compassionate release under Section 3582(c)(1)(A).[36]

Second, Brown argues that his incarceration at a local facility satisfies the exhaustion requirement.[37] Brown contends that courts have waived the administrative exhaustion

---

[31] *See generally* Rec. Doc. 89.

[32] *Id.* at 3.

[33] *Id.*

[34] *Id.*

[35] *Id.* at 4.

[36] *Id*. at 5.

[37] *Id*. at 7.

requirements in similar instances.[38] Brown asserts that exhaustion would be futile here because he is not in the custody of the BOP, and he is being held at a local detention center with no BOP warden to whom he could submit a request for compassionate release.[39] Additionally, because the government has failed to timely invoke the mandatory claim processing rule in this case, Brown asserts that the government has waived the right to raise it as a defense.[40]

Third, Brown contends that his medical conditions and the fact that he has over-served his sentence constitute extraordinary and compelling reasons for a reduction.[41] Brown notes that his type 2 diabetes and hypertension are well-documented and verified in the Presentence Investigation Report.[42] Brown argues that these conditions would increase his risk of severe illness if he contracts COVID-19.[43] Additionally, Brown contends that he has over-served his 24 month sentence.[44] According to Brown, he was arrested by U.S. Probation on December 3, 2018, and he has remained in federal custody since that time.[45] In support of this argument, Brown cites an email from his former counsel to the BOP, wherein his former counsel stated that U.S. Probation Officer Leighton Colbert (cc-ed on the email) confirmed that Brown was arrested on December 3, 2018, and had been in federal custody ever since.[46] Brown asserts that this

---

[38] *Id.*

[39] *Id.*

[40] *Id.* at 10.

[41] *Id.* at 11.

[42] *Id.* at 13.

[43] *Id.* at 13–14.

[44] *Id.* at 15.

[45] *Id.*

[46] *Id.* at n.1; Rec. Doc. 89-1.

circumstance alone, or in combination with his medical conditions, warrants his release.[47]

Finally, Brown argues that the sentencing factors set forth in 18 U.S.C. § 3553(a) likewise support a sentence reduction.[48] Brown argues that his continued incarceration is inconsistent with Section 3553(a) because he has served the entirety of his two-year sentence.[49] Relying on the Section 3553(a) factors, Brown argues that he "has a limited criminal history, which mirrors his struggles with substance abuse, mental health issues, and physical pain and distress caused by both disease and injury."[50] Upon his release, Brown plans to reside with his wife, Concettia Vernon, who owns a home in Amite, Louisiana.[51]

### III. Legal Standard

Generally, a "court may not modify a term of imprisonment once it has been imposed."[52] Federal law provides three exceptions:

(1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A);[53]

(2) "to the extent expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"[54]; or

(3) when the defendant was sentenced based on a retroactively lowered sentencing range.[55]

---

[47] *Id.* at 15–16.

[48] *Id.*

[49] *Id.* at 16.

[50] *Id.* at 16–17.

[51] *Id.* at 18.

[52] 18 U.S.C. § 3582(c)(1)(A).

[53] *Id.*

[54] *Id.* § 3582(c)(1)(B).

[55] *Id.* § 3582(c)(2).

Brown moves the Court to reduce his sentence under Section 3582(c)(1)(A).[56] Motions to reduce a sentence under Section 3582(c)(1)(A) are often referred to as "compassionate release" motions.[57] Prior to 2018, only the Director of the BOP could file a compassionate release motion under Section 3582(c)(1)(A).[58] In 2018, Congress passed, and the President signed into law, the First Step Act.[59] That Act amended the process to file compassionate release motions by permitting prisoners to file such motions directly with a court.[60]

Yet, before filing a compassionate release motion directly with a court, a prisoner must exhaust the administrative requirements under Section 3582(c)(1)(A).[61] Indeed, under 3582(c)(1)(A), a defendant may personally move the Court to reduce his or her sentence after either (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or (2) "the lapse of 30 days from the receipt of [a request to the Bureau of Prisons to bring a motion on the defendant's behalf] by the warden of the defendant's facility," whichever is earlier.

Once Section 3582(c)(1)(A)'s exhaustion requirement is satisfied, a court may reduce a prisoner's sentence if it finds that (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."[62] Finally, the Court must "also consider[ ] the factors set forth in 18

---

[56] Rec. Docs. 84, 89.

[57] *See, e.g., United States v. Reeves*, No. CR 18-00294, 2020 WL 1816496, at *1 (W.D. La. Apr. 9, 2020).

[58] *Id.*

[59] *See id.*

[60] *See id.*

[61] *See* 18 U.S.C. § 3582(c)(1)(A).

[62] *Id.*

U.S.C. § 3553(a) to the extent that they are applicable."[63]

## IV. Analysis

In the instant motion, Brown argues that his medical conditions—combined with his elevated risk of contracting COVID-19 while incarcerated—constitute sufficient grounds for a sentence reduction under Section 3582(c)(1)(A).[64] In response, the government argues that this Court does not have authority to grant compassionate release because Brown is not in BOP custody.[65] Brown makes four arguments in the supplemental brief filed through counsel: (1) this Court has authority to grant compassionate release; (2) incarceration at a local facility satisfies the exhaustion requirement; (3) his medical conditions and the fact that he has over-served his sentence constitute extraordinary and compelling reasons for a reduction; and (4) the requested reduction is consistent with the Section 3553(a) factors and Brown does not pose a danger to any person or society if released.[66] The Court addresses each of these issues in turn.

### A.     Whether the Court has Authority to Grant Compassionate Release

The government argues that the motion for compassionate release should be denied because Brown is not in BOP custody.[67] The government asserts that this Court does not have authority to order compassionate release from state custody.[68] While the government is correct that this Court does not have authority to order compassionate release from state custody, the

---

[63] *Id.*

[64] Rec. Docs. 84, 89.

[65] Rec. Doc. 88.

[66] *See generally* Rec. Doc. 89.

[67] *Id.* at 2.

[68] *Id.*

government's assertion that Brown is in state custody is incorrect.

Brown's federal term of supervised release was revoked by this Court on January 9, 2020.[69] At that time, this Court sentenced Brown to a term of 24 months in the custody of the BOP.[70] When this Court revoked Brown's term of federal supervised release, he had already served his sentence on the state charges that led to the revocation of Brown's federal supervised release.[71] The Bureau of Prisons "may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise . . . that the Bureau determines to be appropriate and suitable[.]"[72] Brown is currently incarcerated at the Plaquemines Parish Detention Center, but he is serving a federal sentence. Accordingly, this Court has the authority to grant compassionate release under Section 3582(a)(1)(A).

**B.    *Whether Brown has Exhausted Administrative Remedies***

A defendant must exhaust administrative remedies before filing a motion in the district court seeking compassionate release pursuant to Section 3582(c)(1)(A).[73] If a defendant submits a request for compassionate release to the warden of his facility, and thereafter there is a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,"[74] the

---

[69] Rec. Doc. 83.

[70] *Id.*

[71] On October 2, 2019, Brown entered a plea of nolo contendere to battery on a police officer and domestic abuse battery charges in the 21st Judicial District Court for the Parish of Tangipahoa. Revocation Hearing Dispositional Report at p. 2. He was sentenced to a term of time served. *Id.*

[72] 18 U.S.C. § 3621(b).

[73] *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) ("The statute's requirement that a defendant file a request with the BOP before filing a motion in federal court is a [mandatory] nonjurisdictional claim-processing rule."); 28 U.S.C. § 3582(c)(1)(A).

[74] *Franco*, 973 F.3d at 468.

exhaustion requirement is satisfied, and the Court may consider a motion for compassionate release filed by the defendant. The Fifth Circuit has held that the exhaustion requirement is not jurisdictional, but it is a mandatory claim-processing rule.[75] Because the administrative requirement is a claim-processing rule, it must be enforced unless it is waived by the government.[76] Numerous federal district courts have held that the exhaustion requirement is waived in cases where the defendant is incarcerated in a local facility and therefore cannot petition the warden of a BOP facility for compassionate release.[77]

In this case, Brown argues that the exhaustion requirement is satisfied, or alternatively, should be deemed futile because he is not in the custody of the BOP, and is being held at a local detention center with no BOP warden to whom he could submit a request for compassionate release.[78] The government has not responded to this argument.[79] Brown is currently incarcerated in a local facility and cannot petition the warden of a BOP facility for compassionate release. Additionally, the government did not raise the exhaustion requirement. Therefore, the Court finds that the issue is waived and will proceed to address the merits of this motion for compassionate release.

---

[75] *Id.*

[76] *See United States v. Rivas*, No. 20-10360, 2020 WL 6437288, at *2 (5th Cir. Nov. 2, 2020) ("Because the statutory language is mandatory—that a prisoner must exhaust their BOP remedy before filing in district court—we must enforce this procedural rule since the Government did not waive the exhaustion issue on appeal.").

[77] *See United States v. Jacobs*, No. 19-149 (S.D. Iowa July 2, 2020) (government conceded exhaustion where the defendant was detained in a county jail); *United States v. Morrison*, No. 19-284 (D. Md. June 24, 2020) (same); *United States v. Williams*, No. 19-134 (D. Md. June 10, 2020) (same); *United States v. Green*, No. 10-761 (D. Md. June 4, 2020) (same); *United States v. Johnson*, __F. Supp. 3d __, 2020 WL 3041923, at *10 (D.D.C. May 16, 2020) (finding that exhaustion would be futile where the defendant was incarcerated in a local facility).

[78] Rec. Doc. 89 at 7–8.

[79] *See* Rec. Doc. 88 .

### C.      Whether Extraordinary and Compelling Reasons Warrant a Sentence Reduction

Pursuant to 28 U.S.C. § 3582(c)(1)(A)(i), a district court may reduce a term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.13 of the United States Sentencing Guidelines is the applicable policy statement. Application Note 1 to Section 1B1.13 defines the term "extraordinary and compelling reasons" to include the following situations: (1) the defendant is suffering from a terminal illness ("Subsection A1"); (2) the defendant is suffering from a condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover" ("Subsection A2"); (3) the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less ("Subsection B"); (4) the death or incapacitation of the caregiver of the defendant's minor child or minor children ("Subsection C1"); (5) the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner ("Subsection C2"); or (6) "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described" in the proceeding subsections ("Subsection D").[80]

In the instant case, Brown is not suffering from a terminal illness, and he is not yet 65 years old. Additionally, Brown does not argue that any family circumstances might warrant a reduction of his sentence under Subsection C. Accordingly, Subsections A, B, and C of the

---

[80] U.S.S.G. § 1B1.13 cmt. n.1  (2018).

Application Note do not apply. Instead, Brown argues that his case falls within Subsection D.

Subsection D requires a finding of extraordinary and compelling reasons to justify a reduction of sentence. The Sentencing Guidelines were last amended on November 1, 2018, and therefore the policy statement has not been updated since the enactment of the First Step Act on December 21, 2018.[81] Before the enactment of the First Step Act, only the Bureau of Prisons could move for compassionate release under Section 3582. The First Step Act amended Section 3582(c) to allow a defendant to bring a motion for compassionate release "if he has exhausted his administrative rights to appeal the BOP's failure to bring such a motion or has waited 30 days after the warden's receipt of the request, whichever is earlier."[82]

In light of the First Step Act, there has been disagreement over whether courts may determine what constitutes an extraordinary and compelling reason under the catchall provision in Subsection D.[83] Recent Fifth Circuit caselaw instructs that reference to the Guidelines is one step in the district court's own determination of whether extraordinary and compelling reasons warrant a reduction of sentence.[84] The Guidelines are not "the dispositive boundary of what may be judicially determined to be extraordinary and compelling reasons for a sentence reduction for medical reasons."[85] Accordingly, "the decision of whether to ultimately grant a modification is left to the sound discretion of the trial court," and such decisions are reviewed on appeal for abuse

---

[81] *See United States v. Gomez*, 960 F.3d 173, 176 (5th Cir. 2020).

[82] *United States v. Bell*, No. 20-10427, 2020 WL 5823316, at *1 (5th Cir. Sept. 30, 2020).

[83] *United States v. Lawrence*, No. CR 13-42, 2020 WL 5411778, at *3–4 (E.D. La. Sept. 9, 2020) (collecting cases).

[84] *United States v. Gonzalez*, 819 F. App'x 283, 284 (5th Cir. 2020).

[85] *Id*.

of discretion.[86]

Brown argues that extraordinary and compelling reasons exist for his compassionate release because of the risks a COVID-19 infection might pose to his health.[87] The government did not brief this issue.[88] As documented in the Presentence Investigation Report, Brown suffers from type 2 diabetes and hypertension.[89] The CDC has stated that people with type 2 diabetes are at an increased risk of severe illness from COVID-19.[90] Additionally, the CDC has stated that people with hypertension might be at an increased risk of severe illness from COVID-19.[91] Therefore, the Court finds that Brown's medical conditions, in particular his type 2 diabetes and hypertension, make him particularly vulnerable to severe illness from COVID-19 so as to warrant a finding of "extraordinary and compelling" circumstances.

### D.  Whether the Section 3553(a) Factors Weigh in Favor of Reducing Brown's Sentence

Having found that "extraordinary and compelling" circumstances warrant a reduction in sentence, the Sentencing Guidelines' policy statement regarding compassionate release states that a defendant's sentence may be reduced only if "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and the Court's determination is in line with "the factors set forth in 18 U.S.C. § 3553(a)."[92]

---

[86] *Id*. (quoting *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011)).

[87] Rec. Doc. 89 at 13–14.

[88] Rec. Doc. 88.

[89] Rec. Doc. 55 at 17–18.

[90] Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 28, 2020).

[91] *Id*.

[92] U.S.S.G. § 1B1.13 cmt. n.1  (2018).

Brown argues that his release is supported by the Section 3553(a) factors, and he does not pose a danger to any person or to society if released.[93] The government did not brief this issue.[94]

Section 3142(g) sets out the factors courts must consider in deciding whether to release a defendant pending trial. The factors related to whether a petitioner is a danger to the community include: "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."[95] Section 3553(a), which sets forth the factors to consider in initially imposing a sentence, requires the Court to consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and]
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.][96]

On March 23, 2017, Brown appeared before the Court for sentencing after pleading guilty to Count One of the Indictment charging him with conspiracy to distribute and possess with intent

---

[93] Rec. Doc. 89 at 16–19.

[94] Rec. Doc. 88.

[95] 18 U.S.C. § 3142(g).

[96] 18 U.S.C. § 3553(a).

to distribute a quantity of methamphetamine.[97] He was sentenced to a term of time served in prison to be followed by a term of supervised release of three years.[98] Brown's term of supervised release began on March 23, 2017.

Brown is currently serving a 24-month sentence on a revocation of his supervised release.[99] Brown's supervised release was revoked by this Court on January 8, 2020, after he stipulated that he committed another crime while on supervised release.[100] Specifically, on May 29, 2018, Brown was arrested by personnel of the Amite City Police Department and charged with aggravated battery, battery on police officer, possession of firearm by convicted felon, and resisting arrest.[101] On November 26, 2018, Brown was again arrested by personnel of the Amite City Police Department and charged with domestic abuse battery by strangulation.[102] On October 2, 2019, Brown entered a plea of nolo contendere to battery on a police officer and domestic abuse battery charges in the 21st Judicial District Court for the Parish of Tangipahoa.[103] He was sentenced to a term of time served by the state court.[104]

Brown is a 42-year-old, African American male.[105] He has several prior criminal

---

[97] Rec. Doc. 66.

[98] *Id.*

[99] Rec. Doc. 83.

[100] Rec. Doc. 82.

[101] Rec. Doc. 67.

[102] *Id.*

[103] Revocation Hearing Dispositional Report at p. 2.

[104] *Id.*

[105] Rec. Doc. 55 at p. 4.

convictions for possession of controlled substances and for felonious escape from jail.[106] He also has prior arrests for aggravated assault and aggravated battery.[107] Brown has five children.[108] He began consuming alcohol and marijuana at a young age.[109] He also reported that he began using methamphetamine at age 26.[110] Brown did not finish high school.[111] He has a limited employment history as a contractor and landscaper.[112]

The Court must weigh all of the relevant factors under Section 3142(g) and Section 3553(a). Brown's federal supervised release was revoked because he was convicted of state criminal charges while serving a term of federal supervised release. Brown's state criminal charges relate to the domestic battery of his wife. At the revocation hearing, the Court found that Brown posed a danger to his wife, and sentenced Brown above the Guideline range to the statutory maximum term of 24 months imprisonment. Considering the circumstances leading to the revocation of Brown's supervised release, the Court finds that there are not any conditions of release the Court could impose to ensure that Brown would not pose a danger to any person or to society if released. Brown has several prior arrests for violent behavior against his wife, with whom he intends to reside when he is released.  Therefore, the Court finds that the relevant factors under Section 3142(g) and Section 3553(a) weigh against release.

Brown also argues that release is warranted because he has over-served his sentence.

---

[106] *Id*. at ¶¶ 40–44.

[107] *Id*. at ¶¶ 48–64.

[108] *Id*. at ¶¶ 60–64.

[109] *Id*. at ¶¶ 75–76.

[110] *Id*. at ¶ 77.

[111] *Id*. at ¶ 80.

[112] *Id*. at ¶ 82.

Brown is serving a 24-month sentence on a revocation of his supervised release.[113] On December 3, 2018, this Court issued an arrest warrant for alleged violations of Brown's supervised release.[114] However, the record reflects that the warrant was not executed until November 7, 2019, when Brown was arrested by the United States Marshals Service.[115] On November 12, 2019, a detention hearing was held, and Brown was detained pending a revocation hearing.[116] Therefore, the record reflects that Brown was not arrested on the federal warrant until November 7, 2019. Based on this information, it does not appear that Brown has over-served his sentence.

Furthermore, the Fifth Circuit has recognized that "[t]he BOP—as opposed to the federal courts—is the entity authorized to determine where a federal sentence will be served, when it begins, and, in certain respects, how long it will last."[117] The BOP calculates the prisoner's sentence and determines what credit, if any, will be awarded for time spent in custody prior to the start of the federal sentence.[118] In Brown's case, it appears that the BOP found that the sentence began to run on November 7, 2019, when the federal warrant was executed. Any issues with the computation of the credit for time served before the revocation hearing must be raised with the BOP.

---

[113] Rec. Doc. 83.

[114] Rec. Doc. 69.

[115] Rec. Doc. 73.

[116] Rec. Doc. 76.

[117] *United States v. Cibrian*, 374 F. App'x 524, 530 (5th Cir. 2010) (citing 18 U.S.C. § 3621; *see United States v. Wilson*, 503 U.S. 329, 337 (1992) (Attorney General, through the BOP, computes the amount of § 3585(b) credit after the defendant has begun to serve his sentence); *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir.1992) ("credit awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing")).

[118] *Wilson*, 503 U.S. at 334, 337.

### V. Conclusion

For the reasons discussed above, this Court has the authority to grant compassionate release under Section 3582(a)(1)(A). Additionally, the Court finds that Brown's medical conditions constitute extraordinary and compelling reasons for a reduction in sentence. Nevertheless, the Court finds that the requested reduction is inconsistent with the Section 3553(a) factors and Brown would pose a danger to another person or society if released. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Eric Brown's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)[119] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this __28th__ day of December, 2020.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[119] Rec. Doc. 84.